UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MATUSAK,

                              Plaintiff,                      Case # 21-CV-6058-FPG

v.                                                                                ORDER

DEPUTY MATTHEW DAMINSKI, *et al.*,
                              Defendants.
_____

On January 22, 2021, Plaintiff Christopher Matusak, acting *pro se*, brought this civil rights action alleging that three officers with the Monroe County Sheriff's Office—Defendants Matthew Daminski, Stephen Murphy, and Brian Unterborn—used excessive force in effectuating his arrest. *See* ECF No. 1. In April 2021, Plaintiff obtained counsel, ECF No. 2, and Defendants thereafter filed a motion to dismiss. ECF No. 4. They argue that Plaintiff's *pro se* complaint contains several factual admissions that unequivocally establish that there is "no [legal] theory under which [he] can prevail." ECF No. 4-2 at 2. In response, Plaintiff (through counsel) argues, *inter alia*, that he had "mistakenly included in his complaint allegations that reflect word-for-word the Defendants' version of events written in their Subject Management/Resistance Reports." ECF No. 6 at 2. Plaintiff asserts that those allegations should not be considered in reviewing Defendants' motion. Alternatively, he asks for leave to amend the complaint to "eliminate the allegations containing the Defendants' versions of the incident." *Id.* at 7-8. Defendants did not file a reply. For the reasons stated below, Plaintiff is granted leave to amend his complaint, and Defendants' motion to dismiss is denied as moot.

A court "should freely give leave" for parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

1

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the court should grant a request for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing a motion for leave to amend bears "the burden of establishing that leave to amend would be prejudicial or futile." *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).

In this case, Plaintiff requests the opportunity to "craft a complaint with the aid of a licensed attorney," which the Court considers a valid reason for amendment. *Jordan v. Ellsworth*, No. 16-CV-6384, 2017 WL 6059889, at *2 (W.D.N.Y. Dec. 7, 2017). This is particularly so given Plaintiff's claim that, while *pro se*, he mistakenly included certain facts from Defendants' written police reports that do not reflect his view of the incident—a claim that Defendants have not challenged.[1] Amendment is appropriate to ensure that all parties have a clear understanding of Plaintiff's allegations as this case proceeds. Furthermore, Defendants offer no reason why amendment would be improper under the circumstances.

Accordingly, Plaintiff's request for leave to amend for the limited purpose of clarifying his allegations is GRANTED. Plaintiff shall file his amended complaint by **November 5, 2021**. As a result, Defendants' motion to dismiss (ECF No. 4) is DENIED AS MOOT. *See id.*

IT IS SO ORDERED.

Dated: October 6, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] The Court takes no position as to whether Plaintiff's allegations in his original complaint should be treated as judicial admissions. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).